**Rogelio Trevino REYNA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–88–341–CR, 13–88–342–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Sept. 27, 1990.

Joseph A. Connors, III and Roel A. Saenz, Jr., McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before SEERDEN, BENAVIDES, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of aggravated sexual assault and indecency with a child; punishment was assessed at fifty-five years confinement in the Texas Department of Corrections. By eight points of error, appellant challenges the competency of the child witness to testify against him, the use of anatomically correct dolls at trial, the admission of statements made by the complainant to her physician, and the constitutionality of Tex.Code Crim. Proc.Ann. art. 38.072 (Vernon Supp.1990), the "first outcry" statute. We affirm the judgments of the trial court.

Appellant does not complain of the sufficiency of the evidence. In summary, the record reflects that the two complainants, C.F. and B.J.F., ages eight and four respectively, lived in Elsa, Texas, with their parents and two brothers. During the summer of 1987, the four children were home most of the day by themselves while their parents were at work and at school. Appellant, the children's uncle, would periodically visit during this time. On September 20, 1987, R.M.F., the children's mother, and the four children were at home watching a television program when B.J.F., the youngest child, became upset and divulged to her mother that her uncle [appellant] had been making her put her hands on his genitals. When confronted, C.F., the eight-year-old, revealed that appellant had sexually assaulted her. R.M.F. reported these statements to the police, and the children were examined by a physician who concluded that both children had been sexually abused and penetrated. Appellant was charged with aggravated sexual assault of C.F. and indecency with a child, namely B.J.F.

By his first and fourth points of error, appellant asserts that the trial court reversibly erred in overruling his objection to the testimony of four-year-old B.J.F., because she did not demonstrate that she was competent to testify. In support of his position, he relies on Tex.R.Crim.Evid. 601 (Vernon Pamp.1990), which states:

(a) every person is competent to be a witness except as otherwise provided in these rules. The following witnesses shall be incompetent to testify in any proceeding subject to these rules:

. . . .

(2) *Children.* Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

■■■ This rule creates a presumption that a person is competent to testify. *Rodriguez v. State*, 772 S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). The testimony of a witness will only be excluded when questioning convinces the court that the witness does not possess sufficient intellect to relate transactions with respect to which he or she is being interrogated. *Id.* The issue of competence of a child witness is generally a question for the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Watson v. State*, 596 S.W.2d 867, 871 (Tex.Crim.App. 1980); *Clark v. State*, 558 S.W.2d 887, 890 (Tex.Crim.App.1977). On appeal, this Court must review the entire testimony of the child witness in addition to the preliminary competency examination. *Clark*, 558 S.W.2d at 890. Three elements must be considered by the court in determining whether a witness is competent to testify: 1) the competence to observe intelligently the events in question at the time of their occurrence, 2) the capacity to recollect the events, and 3) the capacity to narrate them,

which involves the ability to understand questions asked and to frame intelligent answers, and the ability to understand the moral responsibility to tell the truth. *Rodriguez*, 772 S.W.2d at 170; *Watson*, 596 S.W.2d at 870.

The record reflects that during the competency examination, the child's responses were many times inaudible. However, upon further examination, the child was asked if she knew the difference between a lie and the truth, and through several examples the child indicated that she did:

Q. If you told me that your brother's name was [wrong name] what would that be?

A. A lie.

Q. Now, if you told me your brother's name was [right name] what would that be?

A. True.

She was also able to testify to her full name, her age, the names of her brothers and sister, and the difference between a boy doll and a girl doll. During interrogation about the incident in question, the child identified her uncle, the defendant, as the man who had visited her and her siblings many times when their parents were not home, and as the man who put her hands on his genitals, which she identified through the use of an anatomically correct doll. After reviewing all of the testimony of B.J.F., we hold that the trial court did not abuse its discretion in permitting the child to testify and that sufficient evidence exists to justify the court's decision that B.J.F. was competent to intelligently observe the events in question at the time they happened; she had the capacity to recollect them and the ability to narrate them sufficiently to the court and jury. Appellant's first and fourth points of error are overruled.

By his second point of error, appellant complains that the trial court erred in conducting the competency hearing of B.J.F. in the presence of the jury. His supporting argument consists of an assertion that Tex.R.Crim.Evid. 104(a) and 601(a)(2) (Vernon Pamp.1990) implicitly require that a competency hearing must be held outside the presence of the jury. Rule 104(a) provides in relevant part:

*(a) Questions of admissibility generally.* Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court....

....

*(c) Hearing of Jury.* Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require, or when an accused is a witness, if he so requests.

Rule 601(a)(2) has been previously referred to above. Clearly, there is no literal requirement in the foregoing rules that the competency hearing of a child be conducted outside the presence of the jury. Moreover, appellant never objected to the court's examination of B.J.F. in front of the jury, and never requested that the jury be excused during the questioning. Appellant cannot therefore raise this issue for the first time on appeal. *See Woods v. State*, 653 S.W.2d 1, 6 (Tex.Crim.App.1983). Point of error number two is overruled.

By his third point of error, appellant alleges that the trial court's comments to the jury at the conclusion of the competency examination of B.J.F. were reasonably calculated to prejudice his rights, and thus amounted to reversible error in violation of Tex.Code Crim.Proc.Ann. art. 38.05 (Vernon 1979), which provides that a judge shall not discuss or comment on the weight of the evidence when ruling on its admissibility. After questioning B.J.F., the court made the following statements:

Now, ladies and gentlemen of the jury, you're in just as good of a position as I am. Although the law does require that before a witness testifies the witness must be competent. Now, this little witness—obviously, all of you are well aware that children are different. And the Court is going to rule that she will be allowed to testify because of the ques-

tions that I have asked. I don't want to accept totally that she is totally competent, obviously, she is very young. You're going to have to be the Judge and I'm going to allow her to testify but it is your responsibility and also your responsibility to determine the weight that you give to her testimony, okay?

Appellant did not object to these comments, and concedes in his brief that error under this statute can be waived by the defendant's failure to object to the court's comments, citing *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim.App.1983), but alleges that no waiver occurred by his failure to object because the comments were so egregious as to constitute "plain error" necessitating reversal. We disagree. In the absence of an objection to a court's comment, nothing is preserved for review on appeal. *Id.; Varela v. State,* 561 S.W.2d 186, 192 (Tex.Crim.App.1978); *Madrigal Rodriguez v. State,* 749 S.W.2d 576, 580 (Tex.App.—Corpus Christi 1988, pet ref'd). Appellant's third point of error is overruled.

By his fifth and sixth points of error, appellant alleges that the trial court erred in permitting the use of anatomically correct dolls during the testimony of B.J.F. and her sister, C.F. Appellant claims that these dolls are a new scientific method of proof and as such are admissible only upon a showing that the procedure has been generally accepted as reliable in the scientific community in which it was developed. In support of his position, he relies on the "Kelly–Frye" [1] test which is applied to novel devices or processes involving the manipulation of physical evidence, such as lie detectors, voice prints, and experimental systems of blood-typing. A review of the record indicates that the dolls were not used as a scientific method of proof, but merely as a tool to aid the jury with the witness' testimony, in the same manner as a map, sketch, or diagram would be used. Moreover, the record reflects that the dolls were used in a neutral, non-suggestive

manner; each child used the dolls to illustrate the areas of the body relevant to her testimony. For example, B.J.F. testified that appellant had put her hands on his penis, and when asked what that was, she pointed to the genital area of the male doll. C.F. testified that he put his "thing" "behind her", when asked what she meant when she said his "thing" she pointed to the male sex organ of the male doll, and when asked what she meant by her "thing" and "behind her" she pointed to the genitalia and anus of the female doll. Further, it is noteworthy that appellant did not object to the use of the dolls on the ground that the State had not met the "Kelly–Frye" test; his objections were that use of the doll was suggestive and that they were being used by a person not trained in their use. Appellant's objection on appeal does not comport with his objection at trial. Therefore, his claim is not properly before this court for review. *Reyes v. State,* 741 S.W.2d 414, 420 (Tex.Crim.App.1987). Additionally, the manner of use of the dolls as demonstrative evidence to assist the jury in understanding the oral testimony of the witness is permissible. Visual, real, or demonstrative evidence, regardless of which term is applied, is admissible upon the trial of a criminal case if it tends to solve some issue in the case and is relevant to the cause—that is, if it has evidentiary value. *Simmons v. State,* 622 S.W.2d 111, 113 (Tex.Crim.App.1981). Appellant's fifth and sixth points are overruled.

By his seventh point of error, appellant alleges that the trial court erred in overruling his hearsay objection to the examining doctor's testimony of what the children told him. At trial, the State offered the testimony of Dr. Kutugata, the physician who examined the children for evidence of sexual assault. Dr. Kutugata testified that he asked B.J.F. "has someone been touching you?" to which she responded "yes." The court overruled appellant's objection that the statement was hearsay. Tex.R.Crim.Evid. 803(4) (Vernon Pamp.

1. *People v. Kelly,* 17 Cal.3d 24, 130 Cal.Rptr. 144, 549 P.2d 1240 (1976); *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923).

1990) provides that statements made for the purpose of medical diagnosis or treatment are not excluded by the hearsay rule. Even if the admission of this testimony was error, it was cumulative of the testimony offered by the child. Therefore we find no harm in the admission of such testimony. *See* Tex.R.App.P. 81(b)(2) (Vernon Pamp. 1990). Appellant's seventh point of error is overruled.

By his final point of error, appellant argues that the court erred in overruling his objection to the constitutionality of Tex.Code Crim.Proc.Ann. art. 38.072 § 2(b)(2) (Vernon Supp.1990), the "first outcry" statute, because the statute contains a "per se rule of automatic admissibility of testimony as an exception to the hearsay rule without finding a compelling reason." Appellant argues that in order to allow this testimony, the trial court was required to make a "necessary indicia of reliability finding, which is required by Article 1, Section 10 of the Texas Constitution and the Sixth Amendment of the United States Constitution" (the Confrontation Clauses).

Prior to trial, the State gave timely notice to appellant that it would call R.M.F., C.F.'s and B.J.F.'s mother, to relate the outcry statements of her daughters. R.M.F. testified that in September, 1987, she and her children had been watching a program about raising "street smart" children on television. She further described that she asked her children if they were teaching them these things at school, and they responded affirmatively. B.J.F. then suddenly turned and stared at her frantically and stated that her uncle [appellant] "makes me put my hand on his balls." R.M.F. described that she became shocked and upset, and that C.F. and her brother had been frozen staring at her, while B.J.F. kept insisting that it was true. R.M.F. then stated that she confronted C.F., and C.F. burst into tears and became hysterical, that she begged C.F. to tell her if he had done anything to hurt her, and C.F. finally told her that he had been making her do "real dirty things" and later described them in detail to her.

In support of his contention that the statute is facially unconstitutional, appellant asserts that in order to survive a constitutional challenge there must be an "indicia of reliability." Recently in *Buckley v. State*, 786 S.W.2d 357 (Tex.Crim.App.1990), Article 38.072 survived an unconstitutionality attack based on a violation of the confrontation clause of the state and federal constitutions. In that case, the Court, relying on *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), stated that the opportunity at trial to cross-examine the declarant of an out-of-court statement may well, in a given case, provide all the confrontation the Federal Constitution requires:

[t]hus, a statute allowing for admission as substantive evidence of a pretrial statement of a witness when that witness is made available to testify at trial would not seem to offend confrontation principles. Consistent with *California v. Green*, [citation omitted] only when the opportunity for "full and effective cross examination" of a child complainant pursuant to the statute proves impossible at trial would ... particularized showings of "necessity" and "reliability" come into play. Facially, Article 38.072, supra, violates neither the federal nor the state confrontation clause.

*Id.* at 360. Appellant's assertion, therefore, that the trial court did not make a necessary "indicia of reliability" finding and that the statute is facially unconstitutional is without merit. Appellant's eighth point of error is overruled.

By six separate points of error, appellant complains that the trial court erred in denying him indigency status and thus a free statement of facts on appeal. However, the statement of facts of the trial on the merits was filed with this court prior to submission. Because the statement of facts is before us, appellant's complaints are overruled as moot. The judgments are affirmed.