IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 





NO. 3-93-249-CR




KENNETH L. WESTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0921652, HONORABLE LARRY FULLER, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of indecency with a child and assessed
punishment at imprisonment for ten years. Tex. Penal Code Ann. § 21.11 (West 1989). The
court suspended imposition of sentence and placed appellant on probation. We will affirm.

 The complaining witness, the daughter of appellant's common-law wife, was three
years old at the time of the offense and four years old at the time of trial. She testified that 
appellant touched her on her "coochie." Using an anatomically correct doll, the complainant
indicated that this word referred to her genitals.

 Appellant argues that the complainant was not competent to testify. A child is a
competent witness unless she appears not to possess sufficient intellect to relate the transactions
with respect to which she is interrogated. Tex. R. Crim. Evid. 601. The question of a witness's
competence is for the trial court, and its ruling will not be disturbed on appeal unless an abuse of
discretion is shown. Hernandez v. State, 643 S.W.2d 397 (Tex. Crim. App. 1983); Reyna v.
State, 797 S.W.2d 189 (Tex. App.--Corpus Christi 1990, no pet.).

 In his argument under this point of error, appellant draws our attention to two brief
exchanges between the prosecutor and the complainant. But in reviewing the trial court's ruling,
we must fully examine the preliminary examination of the complainant and her trial testimony. 
Reyna, 797 S.W.2d at 191. We conclude that the child manifested a capacity to observe the
events about which she testified, to recollect the events, and to understand the questions and
communicate answers. Sanchez v. State, 479 S.W.2d 933 (Tex. Crim. App. 1972). She also
appeared to recognize her responsibility to tell the truth. Tex. R. Crim. Evid. 603. No abuse of
discretion is shown, and the third point of error is overruled.

 Appellant also argues that the court erred by permitting the complainant to testify
while seated on the lap of an assistant prosecuting attorney. This complaint is factually incorrect,
as the record reflects that the witness sat in the lap of a counsellor from the district attorney's
victim witness department. Further, the opinions on which appellant relies are not on point. 
Mosby v. State, 703 S.W.2d 714 (Tex. App.--Corpus Christi 1985, no pet.); State v. Suka, 777
P.2d 240 (Hawaii 1989). In each of these cases, a second person was allowed to sit with the
victim as the victim testified before a jury, and the issue was whether this unfairly lent credibility
to the witness. There was no jury in this cause, and there is nothing in the record to suggest that
the court was unfairly influenced by the counsellor's presence. Point of error four is overruled.

 Appellant's next contention is that the court erroneously admitted the testimony of
two outcry witnesses. Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1993). The
complainant's aunt testified that the child told her that appellant "was digging in my coochie with
his finger, and it hurt." A social worker at the hospital where the complainant was first examined
testified that the girl told her that appellant "lays with me with his long one."

 Under article 38.072, the first adult to whom the victim of child sexual abuse
describes the alleged offense may testify to the child's statement as an exception to the hearsay
rule. By definition, there can be only one outcry witness per offense. The State argues, however,
that when the accused commits more than one sexual offense against a child victim, the trial court
may admit outcry testimony regarding each offense. The indictment in this cause contained three
counts accusing appellant of aggravated sexual assault (count one), indecency with a child by
touching the complainant's genitals (count two, paragraph one), indecency with a child by having
the complainant touch appellant's genitals (count two, paragraph two), and indecency with a child
by exposure (count three). See Tex. Code Crim. Proc. Ann. art. 21.24(a) (West 1989). The State
urges that the conduct described by the complainant to the two outcry witnesses constituted
different offenses. According to the State, the outcry statement to the child's aunt was admissible
with respect to count one and count two, paragraph one, while the outcry statement to the social
worker was admissible with respect to count two, paragraph two, and count three.

 Without reaching the merits of the State's argument, we conclude that reversible
error is not presented. The outcry testimony of the two witnesses was brief, consisting almost
entirely of the statements described above. While we may not presume that the district court
disregarded any erroneously admitted evidence, (1) we may assume that the second witness's outcry
testimony was less likely to be unfairly prejudicial to appellant because the court, and not a jury,
was trier of fact. The court found appellant guilty of touching the child's genitals, the offense
described by the complainant in her testimony, and not guilty of the offenses described only in
the outcry testimony. The court assessed a term of imprisonment one-half the maximum
applicable to the offense, suspended imposition of sentence, and placed appellant on probation. 
We hold that the error, if any, in admitting the testimony of both the outcry witnesses was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b). Point of error two is overruled.

 Finally, appellant contends that the social worker's testimony lacked the
particularized guarantees of trustworthiness required by the confrontation clause. See Idaho v.
Wright, 497 U.S. 805 (1990). Appellant does not refer this Court to the place in the record where
he voiced this objection to the district court. Tex. R. App. P. 74(d). We have examined the
record, and find that this contention does not comport with appellant's trial objection. Tex. R.
App. P. 52(a); Tex. R. Crim. Evid. 103(a). Point of error one is overruled.

 The judgment of conviction is affirmed. 


Before Justices Powers, Jones and Kidd

Affirmed

Filed: January 12, 1994

Do Not Publish
1. Gipson v. State, 844 S.W.2d 738, 741 (Tex. Crim. App. 1992).