Harris v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-148-CR 
No. 10-93-149-CR

Â Â Â Â Â WINDELL R. HARRIS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 263rd District Court
Harris County, Texas
Trial Court Nos. 641,327 & 641,328 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â This is an appeal by defendant Harris from his convictions in two separate cases of aggravated
assault, each case enhanced by two prior felony convictions. The two cases were tried together
and defendant was assessed punishment in each case at six years in the Institutional Division of
the Texas Department of Criminal Justice,
Â Â Â Â Â Â Felipe Dondiego and his seven-year-old son, David Ramirez, live on Lebote Street in
Houston. Defendant lives around the corner and spends a great deal of time at a scrap yard
nearby. Felipe owns a small air compressor which he keeps inside his house and which he told
his son David not to let defendant use. Defendant came to Felipe's house and asked David for
some air for his tires. David told him he could not have air. This angered defendant.
Â Â Â Â Â Â The next day, August 13, 1992, David saw defendant at the scrap yard. Defendant held out
a knife and angrily said, "I couldn't get no air." David was scared and believed the knife could
hurt him. He told his father and mother what defendant had done to him. Felipe went
immediately to look for defendant and find out why he had pointed a knife at David. Felipe found
defendant at the scrap yard and asked why he pulled his knife on David. Defendant then pulled
his knife and pointed it at Felipe's stomach and chest. Felipe was afraid. Police were dispatched
in response to a disturbance call, found defendant, and took him into custody. Defendant was
indicted for aggravated assault on both David and Felipe, enhanced by two prior felony
convictions, and, as noted, convicted in both cases.
Â Â Â Â Â Â Defendant appeals on four points.
Â Â Â Â Â Â Point one asserts the trial court erred by finding complainant David Ramirez, who was eight
years old, competent to testify.
Â Â Â Â Â Â The standard for reviewing the competency of a child witness is abuse of discretion. The
Court of Appeals must review the entire testimony of the child witness to determine if the trial
court abused its discretion in admitting it. A child is considered competent to testify unless it
appears to the court that he or she does not possess sufficient intellect to relate the transaction
about which he or she will testify. Reyna v. State, (Tex. App.âCorpus Christi) 797 S.W.2d 189,
191; Dufrene v. State, (Tex. App.âHouston [14th Dist.]) 853 S.W.2d 86, 88.
Â Â Â Â Â Â David Ramirez at the time of trial was eight years old. He testified that when he was seven
years old, the defendant pointed a knife at him while they were at the scrap yard; that defendant
was mad because the day before David had refused to let him have air. David indicated for the
jury how large the knife was, that the knife looked very sharp and he believed that it could hurt
him. In a demonstration with the prosecutor, David acted out how defendant had pointed the knife
at him. Similarly, the totality of David's testimony reveals that he was sufficiently mature and
accurate in his recollections to testify competently about the events that had taken place a year
earlier. He knew his name, birthday, address, brothers' and sisters' names, as well as his year
in school. He recalled that defendant pointed a knife at him and testified about defendant's motive
for doing so. He demonstrated for the jury how the assault occurred, showed them the
approximate size of the knife, pointed out defendant in the courtroom, described his clothes, and
indicated that defendant had gained weight since the assault. Further, David knew the difference
between the truth and a lie, that telling a lie was wrong, and that his purpose in testifying was to
tell the truth. 
Â Â Â Â Â Â The trial court did not abuse its discretion in finding David Ramirez competent to testify. 
Point one is overruled.
Â Â Â Â Â Â Point two asserts the trial court erred in overruling defendant's motion for an instructed
verdict based on insufficiency of the evidence to prove beyond a reasonable doubt that he
committed the offense of aggravated assault; and point three asserts that the evidence was
insufficient to support defendant's convictions for aggravated assault.
Â Â Â Â Â Â Defendant contends in both points that the State failed to prove the knife exhibited during trial
is a deadly weapon. 
Â Â Â Â Â Â While a knife is not a deadly weapon per se, the State can, without expert testimony, prove
a particular knife to be a deadly weapon by showing its size, shape, sharpness, the manner of its
use or intended use, and its capacity to produce death or serious injury. Davidson v. State, (Tex.
Crim. App.) 602 S.W.2d 272, 273; Blain v. State, (Tex. Crim. App.) 647 S.W.2d 293, 294;
Thomas v. State, (Tex. Crim. App.) 821 S.W.2d 616, 620.
Â Â Â Â Â Â Officer Moore discovered a knife at the scrap yard which matched both complainants'
description of the knife that defendant used. The knife was shown to Felipe at the scene and he
positively identified it. The knife was described as having a five and one-half inch blade. Officer
Moore further testified that the knife was a deadly weapon and that it could easily cause death. 
Â Â Â Â Â Â Both complainants testified that they were scared by the knife and believed defendant would
hurt them. Where the victim testifies that he or she was in fear of serious bodily injury or death,
a verbal threat by the accused is not required for the jury to conclude that threats were actually
made. Tisdale v. State, (Tex. Crim. App.) 686 S.W.2d 110, 115 (opinion on rehearing).
Â Â Â Â Â Â In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the
light most favorable to the verdict to determine if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, S.Ct., 443 U.S.
307, 318-19; Matson v. State, (Tex. Crim. App.) 819 S.W.2d 839, 843; Moreno v. State, (Tex.
Crim. App.) 755 S.W.2d 866, 867.
Â Â Â Â Â Â The jury was able to view the knife, see the complainants' demonstrations how the assault
occurred, and judge the demeanor and credibility when testifying as to the fear induced by the
knife-wielding defendant. Based on all the evidence, the jury determined that the knife that
defendant exhibited during these offenses was a deadly weapon. Viewing the evidence in the light
most favorable to the verdict, a rational jury could have found the defendant guilty of these
offenses as charged.
Â Â Â Â Â Â Points two and three are overruled.
Â Â Â Â Â Â Point four asserts the trial court erred in overruling defendant's objection to improper jury
argument by the prosecutor.
Â Â Â Â Â Â In final argument, the following occurred:
[PROSECUTOR]: We know this occurred on August 12, 1992, thanks to the defendant
taking the stand and telling you all that happened . . . yes, he went over to the house, and
then what happens the next day? There's no confusion here. The defense counsel would
like to confuse you and twist the testimony. That's what he is supposed to do. He is
supposed to throw a wrench.
Â 
[DEFENSE COUNSEL]: Object, Your Honor. That's highly improper.
Â 
THE COURT: Overruled. They have heard the evidence.

. . . . .
Â 
[PROSECUTOR]: So what happens? On August 13, 1992, he is at the dump and little David
Ramirez goes to the dump, riding his bicycle around, and they see each other and he thinks
he can have a little fun with this little kid and he comes over then with a knife, which David
described as being about this big, with the handle and a sharp blade, and points it to his chest. 
And he sat there and he said this is what you get for not giving me air. 
Â 
[DEFENSE COUNSEL]: Object, this has never . . 
Â 
THE COURT: The jury has heard the evidence.
Â 
[DEFENSE COUNSEL]: Pardon, Sir.

Â Â Â Â Â Â THE COURT: The jury has heard the evidence. Overruled.

Â Â Â Â Â Â Proper jury argument includes: (1) summation of the evidence; (2) reasonable deduction from
the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. 
Alviar v. State, (Tex. Crim. App.) 739 S.W.2d 360; Alejandro v. State, (Tex. Crim. App.) 493
S.W.2d 230, 231.
Â Â Â Â Â Â Defense counsel had previously argued to the jury:
We had David Ramirez, quite honestly, a cute eight-year-old kid. I like David myself. I
thought he was a very nice child. He seemed eager to please. His story changed, his
testimony did. Originally I think it happened at the dump, and then he said later on, this all
happened at his house. Maybe just because when you are eight years old and testifying in a
court of law, you can get a little confused.

Â Â Â Â Â Â The first argument complained of by defendant was in answer to defendant's counsel's
argument.
Â Â Â Â Â Â The second argument complained of was almost an exact recitation of David's testimony. 
Both complained-of segments of the prosecutor's jury argument were proper under the authorities
cited.
Â Â Â Â Â Â Point four is overruled. The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â FRANK G. McDONALD
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice (Retired)

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 2, 1994
Do not publish
Â 



 not discuss Gatess
second issue.Â  Further, as to GatesÂs third issue, because the affidavit is
deficient as to Gates, it is deficient as to Gates, P.A. as well; and at this
juncture, we need not determine whether the affidavit is the equivalent of no
report as to Gates, P.A.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having determined that the expert
report is deficient, we reverse the trial courtÂs order and remand the case to
the trial court for further proceedings consistent with this opinion.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Reversed
and remanded

Opinion
delivered and filed March 10, 2010

[CV06]









[1] This
may appear counterintuitive to the purpose of the statute which is to "reduce
excessive frequency and severity of health care liability claims,Â Act of June 2, 2003, 78th Leg., R.S., ch. 204, Â§ 10.11(b)(1), 2003 Tex. Gen. Laws 847, 884, and
is a disincentive for parties to resolve problems with expert reports by
agreement and without court intervention.Â  We are bound, however, by the
holding of the Texas Supreme Court.

Â 





[2]
Having found one deficiency that requires a remand, we do not believe it is
necessary to identify every deficiency in the report.Â  Having been placed on
notice of the argued deficiencies, Altaras would presumably take such
precautions as may be necessary to avoid another determination of a deficiency
after which there would be no opportunity to cure.