NUMBER 13-00-149-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

GUADALUPE
DELEON,                                                          Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 347th District Court

                                  of Nueces County, Texas.



 

 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices Dorsey
and Rodriguez

                                  Opinion by Justice Dorsey

 








A jury found appellant, Guadalupe Deleon,
guilty of felony DWI and assessed punishment at three years confinement, plus a
$4,000 fine.  The jury recommended
suspension of both the fine and the imprisonment.  The trial court sentenced him to ten years=
community supervision, and, as a condition thereof, ordered him to drug
treatment at the Substance Abuse Felony Program.  Appellant challenges the verdict by seven
points of error.  We affirm.

                                                                        I. Facts

About midnight on April 15, 1999, Officer
Vessley was working with the ABlue Lights@ patrol,
a police unit targeting drunk drivers. 
While he drove southbound on Staples Street, a northbound vehicle drove
passed him with its headlights off. 
After stopping the vehicle, Vessley noticed that the vehicle=s
driver, appellant, had a strong odor of an alcoholic beverage on his breath,
slurred speech, and bloodshot, watery eyes. 
At that point, Officer Rodriguez took over the investigation and
performed two field-sobriety tests on him. 
After failing the tests, Rodriguez arrested him for DWI.

                                                                    II. Analysis

                                                                   A.
Punishment








By point one, appellant asserts the trial
court erred by refusing to consider the entire range of punishment, including
the range of programs and sanctions which apply to community supervision.  By point two, he complains he was denied due
process of law by the trial court=s arbitrary refusal to consider the entire
range of punishment.  Appellant bases
these complaints on several comments, which the trial court made to the jury
during the punishment phase.[1]  For example, the court remarked, A[E]verybody
who=s found
guilty in this court of DWI, pleads guilty or is found guilty, has to go to the
Substance Abuse Felony Punishment Facility, and that locks them up for a year.@   Appellant lodged no objections to these
comments.

It is axiomatic that a trial court denies
due process when it arbitrarily refuses to consider the entire range of
punishment for an offense, or refuses to consider the evidence and imposes a
predetermined punishment.  McClenan v.
State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); Jefferson v. State,
803 S.W.2d 470, 471 (Tex. App.BDallas
1991, pet. ref=d). 
However, an accused does not preserve this complaint for review unless a
timely objection is made.  Tex. R. App. P. 33.1 (requiring a timely
"request, objection, or motion" to preserve error); Cole v. State,
757 S.W.2d 864, 865 (Tex. App.BTexarkana 1988, pet.
ref'd) (citing Rogers v. State, 640 S.W.2d 248, 263-64 (Tex. Crim. App.
1981)).  Here, appellant made no
objection to the court's comments; thus, he waived the alleged errors.  We overrule points one and two.

                                                      B.
Voir Dire

By points three and four, appellant asserts he was denied his
constitutional right to have a trial by an impartial jury.  He complains that during voir dire, the trial
court: (1) chastised jurors; (2) lectured jurors; and (3) argued with jurors.  He further complains that after conclusion of
voir dire, the trial court, without challenges for cause, struck three
prospective jurors.  Appellant lodged no
objections to these alleged errors, and therefore, failed to preserve error for
our review.  Tex. R. App. P. 33.1. 
Accordingly, we overrule points three and four.








                                       C.
Comments by the Trial Court

By point five, appellant asserts the trial court
erred by commenting on the evidence and on his defensive theory.  Appellant=s defensive theory was that the police illegally
stopped, detained, and arrested him.  To
support this argument, he contended that officers working the ABlue Lights@ patrol received
substantial overtime pay.  This motivated
them to arrest drivers who were not intoxicated, in an effort to maintain the
program and the overtime pay.  During Officer
Vessley=s cross-examination,
counsel asked him, AAnd you get paid overtime
when working on the Blue Lights, is that correct?@  He
replied, AOvertime or comp time.@  At that point, the State objected to the
relevancy of the interrogation.  Counsel
responded that the ABlue Lights@ program was Acontingent or may be
contingent upon them making the proper amount of arrests.@  Then, the trial court remarked, AI don=t know.  I guess the same argument could be made why
we have a police force, right?@  The record reflects no objection was made to
the trial court's comment, and the court allowed counsel to continue this line of
questioning.








When an accused does not object to the trial court=s comments on the
weight of the evidence, reversible error occurs only when the comments are
reasonably calculated to prejudice the accused's rights.  See Sharpe v. State, 648 S.W.2d 705,
706 (Tex. Crim. App. 1983); Reyna v. State, 797 S.W.2d 189, 193 (Tex.
App.BCorpus Christi 1990,
no pet.).  In this case, though the
comment made fun of the defensive theory, it was not reasonably calculated to
prejudice appellant=s rights.  Accordingly, error, if any, was waived for
failure to object.  Tex. R. App. P. 33.1; See Sharpe, 648 S.W.2d at 706; Reyna, 797 S.W.2d at 193.  We overrule point five.

                                                                    D.  The Arrest

By point six, appellant asks this Court to
overturn his conviction, because the police arrested him without reasonable
suspicion or probable cause.

                                                                      1.
The Stop

An officer may lawfully stop and detain a person for a traffic
violation.  McVickers v. State,
874 S.W.2d 662, 664 (Tex. Crim. App. 1993); Howard v. State, 888 S.W.2d
166, 172 (Tex. App.BWaco 1994, pet. ref=d) (stop of vehicle lawful provided police had
reasonable suspicion of traffic violation either on automobile or by occupant).
 Our traffic laws provide that vehicles
shall "display lighted lamps" from a "half hour after
sunset."   Little v. State, 853 S.W.2d 179, 184 (Tex.
App.BCorpus Christi 1993,
no pet.).  Here, Officer Vessley saw
appellant driving his car with its headlights off, well after sunset.  Accordingly, Vessley lawfully stopped him for
violating the traffic laws.  See Madison v. State, 922 S.W.2d 610, 612 (Tex. App.B
Texarkana 1996, pet. ref'd).

                                              2.
Warrantless Arrest

Here, after Vessley lawfully stopped appellant, he discovered
appellant showed the tell-tale signs of intoxication.  Appellant also failed two field-sobriety
tests.  Accordingly, Rodriguez had
probable cause to arrest him for DWI.  See
Maxcey v. State, 990 S.W.2d 900, 903 (Tex. App.BHouston [14th Dist]
1999, no pet.).  We overrule point six.








                                              E.  Denial of Fair Trial

By point seven, appellant asserts he was denied a fair trial due to an
impartial judge.  Appellant=s complaints involve
the manner in which the trial court conducted the trial.  Appellant, however, did not object to the
alleged errors.  The general rule is that
counsel must object in order to preserve error. 
Tex. R. App. P. 33.1.  However, Texas Rule of Evidence 103(d)
authorizes us to "tak[e] notice of fundamental errors affecting
substantial rights although they were not brought to the attention of the
court."  Tex. R. Evid. 103(d).  In Marin v. State, 851 S.W.2d 275, 278
(Tex. Crim. App. 1993), overruled on other grounds, Cain v. State,
947 S.W.2d 262, 264 (Tex. Crim. App. 1997), the court stated:

Some rights are widely
considered so fundamental to the proper functioning of our adjudicatory process
as to enjoy special protection in the system. 
A principle characteristic of these rights is that they cannot be forfeited.  That is to say, they are not extinguished by
inaction alone.  Instead, if a defendant
wants to relinquish one or more of them, he must do so expressly.   

    

Here, appellant does not argue that any action or inaction by the
trial court constituted fundamental error affecting his substantial
rights.  Therefore, appellant has
preserved nothing for our review.  Tex. R. App. P. 33.1.  We overrule point seven.

We AFFIRM the trial court=s judgment.   

 

______________________________

J.
BONNER DORSEY,

Justice

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 19th day of December,
2002.                                   











[1]All
of these comments were made after the jury returned its verdict on punishment,
but before the trial court dismissed the jury.