NO. 07-06-0063-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 11, 2006



______________________________



DARRELL HARPER, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;



NO. 3376; HON. DAVID M. MCCOY, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Darrell Harper appeals his conviction for sexual assault in one issue. Through the
latter, he contends that the trial court abused its discretion in allowing his 17-year-old victim
to testify because she allegedly was incompetent. The victim suffered from mental
retardation. We affirm the judgment. 

 Normally, witnesses are presumed competent to testify. Upton v. State, 894 S.W.2d
426, 429 (Tex. App.-Amarillo 1995, pet. ref'd). However, those who do not "possess
sufficient intellect to relate transactions with respect to which they are interrogated" are
incompetent and may not testify. Tex. R. Evid. 601(a)(2). And, whether the latter rule
encompasses a particular witness lies within the discretion of the trial court. Watson v.
State, 596 S.W.2d 867, 871 (Tex. Crim. App. 1980); Reyna v. State, 797 S.W.2d 189, 191
(Tex. App.-Corpus Christi 1990, no pet.). In making its determination, the trial court
considers the witness' 1) ability to intelligently observe, recollect, and narrate the events
and 2) the moral responsibility to tell the truth. Upton v. State, 894 S.W.2d at 429. Finally,
it must be remembered that mental retardation alone is not a reason for finding one
incompetent. Beavers v. State, 634 S.W.2d 893, 897 (Tex. App.-Houston [1st Dist.] 1982,
pet. ref'd). 

 According to the evidence garnered by the trial court via an in camera hearing, the
victim was 17 years old at the time of trial and had an IQ between 44 and 54. She also
knew her name, age, where she went to school, the grade she was in, the names of her
teachers, the names of her father and stepmother, and the names and ages of her
stepbrothers and stepsister. So too did she know appellant and related the general act he
committed upon her. In her dialogue with the trial court, the young lady also indicated that
she knew what it meant to tell a lie, the adverse consequence arising from lying, and the
need to be truthful. Indeed, she accurately distinguished statements uttered to her by the
trial judge as truths or lies. Additional evidence further illustrated that she held a job at a
local grocery store.

 Admittedly, other evidence considered by the trial court depicted instances of
inconsistency in her recollections. Yet, like mental retardation, inconsistencies in testimony
did not automatically render her incompetent. See Upton v. State, 894 S.W.2d at 429
(stating that inconsistencies or conflicts within the testimony do not automatically render
the witness incompetent). They merely reflected upon her credibility. Id. 

 In short, there was and is evidence of record upon which the trial court reasonably
could have held that the victim was competent to testify. In other words, its decision fell
within the zone of reasonable disagreement. Consequently, it did not err in holding as it
did. See Reyna v. State, 797 S.W.2d at 191 (finding the witness competent to testify when
she indicated she knew the difference between the truth and a lie, she was able to testify
to her full name, age, the names of her brothers and sister, the difference between a boy
doll and a girl doll, and she was able to identify her uncle as the man who put her hands
on his genitals). 

 The issue is overruled, and the judgment of the trial court is affirmed.


 Brian Quinn

 Chief Justice


Do not publish.