NO. 07-06-0063-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 11, 2006

_____

DARRELL HARPER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 3376; HON. DAVID M. MCCOY, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Darrell Harper appeals his conviction for sexual assault in one issue. Through the latter, he contends that the trial court abused its discretion in allowing his 17-year-old victim to testify because she allegedly was incompetent. The victim suffered from mental retardation. We affirm the judgment.

Normally, witnesses are presumed competent to testify. *Upton v. State*, 894 S.W.2d 426, 429 (Tex. App.–Amarillo 1995, pet. ref'd). However, those who do not "possess

sufficient intellect to relate transactions with respect to which they are interrogated" are incompetent and may not testify. TEX. R. EVID. 601(a)(2). And, whether the latter rule encompasses a particular witness lies within the discretion of the trial court. *Watson v. State,* 596 S.W.2d 867, 871 (Tex. Crim. App. 1980); *Reyna v. State,* 797 S.W.2d 189, 191 (Tex. App.–Corpus Christi 1990, no pet.). In making its determination, the trial court considers the witness' 1) ability to intelligently observe, recollect, and narrate the events and 2) the moral responsibility to tell the truth. *Upton v. State*, 894 S.W.2d at 429. Finally, it must be remembered that mental retardation alone is not a reason for finding one incompetent. *Beavers v. State,* 634 S.W.2d 893, 897 (Tex. App.–Houston [1st Dist.] 1982, pet. ref'd).

According to the evidence garnered by the trial court via an *in camera* hearing, the victim was 17 years old at the time of trial and had an IQ between 44 and 54. She also knew her name, age, where she went to school, the grade she was in, the names of her teachers, the names of her father and stepmother, and the names and ages of her stepbrothers and stepsister. So too did she know appellant and related the general act he committed upon her. In her dialogue with the trial court, the young lady also indicated that she knew what it meant to tell a lie, the adverse consequence arising from lying, and the need to be truthful. Indeed, she accurately distinguished statements uttered to her by the trial judge as truths or lies. Additional evidence further illustrated that she held a job at a local grocery store.

Admittedly, other evidence considered by the trial court depicted instances of inconsistency in her recollections. Yet, like mental retardation, inconsistencies in testimony

did not automatically render her incompetent. *See Upton v. State*, 894 S.W.2d at 429 (stating that inconsistencies or conflicts within the testimony do not automatically render the witness incompetent). They merely reflected upon her credibility. *Id.*

In short, there was and is evidence of record upon which the trial court reasonably could have held that the victim was competent to testify. In other words, its decision fell within the zone of reasonable disagreement. Consequently, it did not err in holding as it did. *See Reyna v. State,* 797 S.W.2d at 191 (finding the witness competent to testify when she indicated she knew the difference between the truth and a lie, she was able to testify to her full name, age, the names of her brothers and sister, the difference between a boy doll and a girl doll, and she was able to identify her uncle as the man who put her hands on his genitals).

The issue is overruled, and the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.

3