Reynaldo Garcia RODRIGUEZ,
Appellant,

v.

The STATE of Texas.

No. 1196-95.

Court of Criminal Appeals of Texas,
En Banc.

June 19, 1996.

Robert O. Switzer, San Antonio, for appellant.

Daniel Thornberry, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was charged by indictment with the offenses of murder and injury to a child, V.T.C.A. Penal Code, §§ 19.02 and 22.04, alleged to have been committed on or about July 30, 1991 in Bexar county. On March 12,

1993, appellant was found guilty by a jury of the offenses charged in the indictment, and on March 25, 1993, the trial court assessed punishment at 99 years confinement in the Texas Department of Criminal Justice, Institutional Division. The Fourth Court of Appeals held that the trial court erred in denying appellant's request for appointment of a defense medical expert, and reversed appellant's conviction. *Rodriguez v. State*, 906 S.W.2d 70 (Tex.App.—San Antonio 1995). The State subsequently filed a Motion for Rehearing and a Motion for En Banc Consideration on June 1, 1995, which were denied by the court of appeals on July 28, 1995. We granted the State's petition for discretionary review on four questions:

1. Did the court of appeals err by failing to assess the reasonableness of the trial court's refusal to appoint a defense medical expert as of the time the trial court made its ruling?

2. Did the court of appeals err in finding that appellant made the necessary showing of need for the appointment of a defense medical expert?

3. Did the court of appeals err in basing its holding that the trial court erred in failing to appoint a defense expert on the complexity of the expert's area of expertise?

4. Did the court of appeals err in holding that the trial court erred in failing to appoint a defense medical expert because the appellant was entitled to an expert to inspect physical evidence?

We have carefully considered the four questions for review and the briefs before us. After due consideration, we find that the State's petition for discretionary review was improvidently granted. Accordingly, the petition for discretionary review is dismissed.

WHITE, MANSFIELD and KELLER, JJ., dissent.