NUMBER 13-03-151-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

CLARENCE ALAN BARFIELD A/K/A 
CLARENCE ALAN COATS,                                                 Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 24th District Court
of De Witt County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Clarence Alan Barfield a/k/a Clarence Alan Coats, was indicted for the
offense of aggravated sexual assault to a child. After appellant entered a plea of not
guilty, a jury convicted him, and the trial court imposed a sentence of ninety-nine years
imprisonment. Appellant appeals from that judgment. The trial court has certified that
this case "is not a plea bargain case, and the defendant has the right of appeal." See
Tex. R. App. P. 25.2(a)(2).
         Appellant's attorney filed a brief in which he concluded the appeal is wholly
frivolous and without merit. Appellant has filed a pro se brief asserting sixteen points
of error. We affirm the trial court's judgment.
         Because all issues of law are settled, our memorandum opinion only advises the
parties of the Court's decision and the basic reasons for it. See id. at rule 47.4. I. Anders Brief
         Appellant's court-appointed counsel filed a brief in which he has concluded the
appeal is frivolous. See Anders v. California, 386 U.S. 738, 744 (1967). Appellant's
brief meets the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d
807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders, counsel
presented a professional evaluation of the record and referred this Court to what, in
his opinion, are the only possible errors in the record that might arguably support an
appeal. See Anders, 386 U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex.
Crim. App. 1974); see High, 573 S.W.2d at 812. Counsel certified to this Court that: 
(1) he diligently reviewed the record and researched the law applicable to the facts and
issues presented; (2) in his opinion, no reversible error is reflected by the record and
the appeal is without merit and is frivolous; (3) he set forth all points which might
arguably support an appeal; and (4) he forwarded a copy of this brief to appellant at
his last known address with a letter informing appellant of his right to examine the
entire appellate record and to file a brief on his own behalf. See Anders, 386 U.S. at
744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991);
High, 573 S.W.2d at 813.
A. Prosecutorial Misconduct
         As directed by Anders, counsel raises prosecutorial misconduct as a possible
issue for our review. Appellant first argues the trial court should have granted a
mistrial sua sponte because the State used the term "rape" during voir dire, opening
statement, its case-in-chief, and closing argument. A trial court has authority to sua
sponte declare a mistrial if a verdict of conviction could be reached but would have to
be reversed on appeal due to an obvious procedural error in the trial. See, e.g., Ward
v. State, 520 S.W.2d 395, 397-98 (Tex. Crim. App. 1975) (trial court would have
been justified in sua sponte ordering mistrial when indictment was fatally defective). 
In this case, the error about which appellant complains is not a procedural error. 
Additionally, appellant did not object to the use of the term "rape," and, thus, has
failed to preserve error on this issue. See Tex. R. App. P. 33.1; Montoya v. State, 43
S.W.3d 568, 572 (Tex. App.–Waco 2001, no pet.) (citing Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996) (to preserve error, defendant must make timely
and specific objection, request instruction that jury disregard matter improperly placed
before it, and move for mistrial)).
         Counsel also raises the issue of prosecutorial misconduct based on the State
commenting that appellant repeatedly raped the victim. The trial court sustained
appellant's objection and instructed the jury to disregard that statement. The court,
however, denied appellant's motion for mistrial. Appellant argues that the State's
comment was made in violation of a motion in limine and that the violation should be
taken into consideration in assessing the validity of this appellate claim of prosecutorial
misconduct. See Blacklock v. State, 681 S.W.2d 155, 156-57 (Tex. App.–Houston
[1st Dist.] 1988, pet. ref'd) (citing Boyde v. State, 513 S.W.2d 588 (Tex. Crim. App.
1974) (State's attempt to circumvent the ruling of court, and wrongfully present
evidence of extraneous charge of crime, served no purpose other than to inflame and
prejudice minds of jurors). However, we find that the misconduct, if any, was cured
when testimony regarding appellant's repeated actions was later admitted without
objection. Moreover, the State notified appellant, pursuant to article 38.37 of the
Texas Code of Criminal Procedure, of its intention to introduce evidence concerning
appellant's repeated acts involving the victim. See Tex. Code Crim. Proc. Ann. art.
38.37 (Vernon Supp. 2004).
         Based on this analysis, we agree with counsel that this issue presented for our
review is without merit.
B. Ineffective Assistance of Counsel
         Counsel raises ineffective assistance of counsel as a second possible issue that
might arguably support an appeal. Trial counsel did not object each time the
prosecutor used "rape" for "aggravated sexual assault to a child." Appellant refers us
to fifty-seven such instances in the record.
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s Sixth Amendment right to counsel. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must
show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d). 
         Following the test for determining ineffective assistance of counsel set forth in
Strickland, we conclude, from a review of the totality of representation, appellant has
not shown how his attorney’s representation fell below an objective standard of
reasonableness or that there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687. Moreover, in the absence of evidence of counsel’s reasons for the challenged
conduct, we assume there was a strategic motivation for not objecting to the use of
the term "rape." Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).
         Nonetheless, counsel suggests that an exception to Strickland, set out in United
States v. Cronic, 466 U.S. 648, 659-600 (1984), applies in this instance. Cronic
presumes prejudice where there has been actual breakdown in the adversarial process
at trial. Id. at 657-58. However, only when surrounding circumstances justify a
presumption of ineffectiveness can a Sixth Amendment claim be sufficient without
inquiry into counsel's actual performance at trial. Id. at 662. We cannot conclude,
in this case, that the surrounding circumstances in this case justify such a
presumption; thus, Cronic does not apply.
         Based on this analysis, we agree with counsel that this issue is without merit. 
We cannot conclude trial counsel's assistance was ineffective.
III. Pro Se Brief
         Appellant filed a pro se brief and, by sixteen points of error, complains of (1)
prosecutorial misconduct; (2) the trial court not providing an expert witness; (3) the
trial court allowing the victim to testify at trial; (4) ineffective assistance of counsel;
(5) insufficient notice of the charge against him; and (6) sufficiency of the evidence.
A. Prosecutorial Misconduct
         By points of error one through six, appellant complains generally of prosecutorial
misconduct. Arguments presented in points one, two, four, five, and six complain of
the State’s use of the term "rape." Applying the analysis set out in Section I. A.
above, we overrule points one, two, four, five and six. Likewise, appellant’s third
point of error, complaining of prosecutorial misconduct when the State referred to the
victim being repeatedly raped, has been addressed above. Appellant’s third point of
error is overruled.
B. Expert Witness
         By his seventh point of error, appellant contends the trial court erred when it did
not provide appellant with an expert witness. Before a trial court is authorized to
appoint a defense expert, however, a defendant is required to show how an expert
would help in his defense, and he must supply the court with information as to what
type of evidence is to be offered against him and how an expert would help. See
Rodriguez v. State, 906 S.W.2d 70, 72-73 (Tex. App.–San Antonio 1995) pet.
dism'd, improvidently granted, 924 S.W.2d 156 (Tex. Crim. App. 1996). In this case,
appellant did not ask for an expert, made no showing as to how an expert would help
his defense, and did not give the trial court information as to what type of evidence
was to be offered against him and how an expert would help.


 Appellant contends the
trial court should have appointed a defense expert sua sponte, in this instance. 
However, he provides no authority for this contention. Accordingly, we conclude there
is no error, and overrule appellant’s seventh point of error.
C. Competency of Witness
         In point of error eight, appellant asserts the trial court erred by not declaring that
the victim was unstable and should not testify against appellant at trial. Appellant
contends that “under equal protection of the law [sic] requires that he be convicted on
testimony of competent witness[es] [sic] be used against him at trial.” We construe
this argument as a complaint that the trial court erred in permitting a child witness to
testify without an adequate determination of her competency under Texas Rule of
Evidence 601(a)(2). See Tex. R. Evid. 601(a)(2). 
         Rule 601 provides:
Every person is competent to be a witness except as otherwise provided
in these rules. The following witnesses shall be incompetent to testify
in any proceeding subject to these rules: . . . (2) Children or other
persons who, after being examined by the court, appear not to possess
sufficient intellect to relate transactions with respect to which they are
interrogated.

Id. Rule 601 creates a presumption that a person is competent to testify. Id.; Reyna
v. State, 797 S.W.2d 189, 191 (Tex. App.–Corpus Christi 1990, no pet.). The trial
court has no duty to conduct a preliminary competency examination on its own
motion. McGinn v. State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998). However,
rule 601(a)(2) places the power to determine a witness's competency in the hands of
the trial court, Broussard v. State, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995), and
the trial court may resort to any examination that would tend to disclose a witness's
capacity and intelligence. Clark v. State, 659 S.W.2d 54, 55 (Tex. App.–Houston
[14th Dist.] 1983, no pet.). 
         The issue of the competency of a child witness is generally a question for the
trial court and its ruling will not be disturbed on appeal unless an abuse of discretion
is shown. Broussard, 910 S.W.2d at 960. Inconsistencies and conflicts in the child's
testimony do not automatically render her incompetent; rather they are simply factors
affecting the weight of the child's credibility. Upton v. State, 894 S.W.2d 426, 429
(Tex. App.–Amarillo 1995, pet. ref'd). The child no longer needs to understand the
obligation of the oath to be a competent witness. Dufrene v. State, 853 S.W.2d 86,
88 (Tex. App.–Houston [14th Dist.] 1993, pet. ref'd).
         We have not been directed to, and we have not found, any objection in the
record to the competency of the victim’s testimony or to the lack of an adequate
determination. In order to preserve any error for appellate review, a party must
present a timely, specific objection to the trial court and secure an adverse ruling. Tex.
R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). We
conclude that appellant has not preserved for review the contention presented in his
eighth point of error. 
         Nonetheless, even had error been preserved as to the victim's competency to
testify, we find no error. In this case, the victim was thirteen at the time of the
offense and fifteen when she testified at trial. The trial court heard her testify outside
the presence of the jury and before the jury. The trial court had an opportunity to see
the witness, and to observe her demeanor, her manner in answering questions, and
her apparent possession or lack of intelligence.
         Accordingly, after reviewing the entire record, we conclude that if error was
preserved, the trial court did not abuse its discretion. Appellant’s eighth point of error
is overruled.
D. Ineffective Assistance of Counsel
         Appellant challenges the effectiveness of his trial counsel by six points of error. 
In his ninth point, appellant argues that his trial counsel was ineffective because he: 
(1) failed to object to testimony as leading, to the State's outcry witness, to the
State's explanation of the law during voir dire, and to the State's use of the term
"rape"; (2) also used the term "rape" instead of "sexual assault to a child"; (3) failed
to interview the victim or read her statements; and (4) failed to move to quash the
indictment or to move for an instructed verdict. By his tenth, eleventh and twelfth
points, appellant asserts trial counsel was ineffective because he: (1) failed to make
himself aware of the laws and facts that govern the offense with which appellant was
charged; (2) failed to request and examine medical records; (3) failed to interview
medical personnel who examined and interviewed the victim; (4) failed to obtain an
expert witness for the defense; and (5) failed to call a defense witness. In his
thirteenth point, appellant further asserts that his trial counsel was ineffective because
he failed to request a running objection to the use of the term "rape." Finally, in point
of error fourteen, appellant contends he was denied his Sixth Amendment right to
counsel because his trial counsel did not object to the indictment and the jury charge
on the grounds that there was a fatal variance.
         Appellant contends his claim of ineffectiveness in this case is so apparent from
the record that there is no necessity to require it to be raised on collateral review. See
Massaro v. United States, 538 U.S. 500, 508-09 (2003); Cronic, 466 U.S. at 659-600; see also Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000) (in
rare case where record on direct appeal is sufficient to prove counsel's performance
was deficient, appellate court should address claim). Appellant maintains that the
record amply reflects that the trial counsel did not craft a sound trial strategy and that
viewed in its entirety, counsel's failures of pretrial investigation, preparation and trial
performance were unprofessional and unreasonable. We disagree.
         The defendant bears the burden to prove ineffective assistance of counsel by
a preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). A defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.–Houston [1st Dist.] 1996, no pet.). The
defendant's burden is even more difficult when, as in this case, the defendant did not
file a motion for new trial asserting ineffective assistance of counsel. See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); Gibbs v. State, 7 S.W.3d 175,
179 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd). Assertions of ineffective
assistance of counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002). Trial counsel should ordinarily be afforded an
opportunity to explain his actions before being denounced as ineffective and an
appellate court will not find ineffectiveness based on speculation. Id. at 836;
Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.–Houston [1st Dist.] 2000, pet.
ref'd).
         The record before us is silent as to why appellant's trial counsel allegedly failed
to act or to perform in the manner urged by appellant. Accordingly, appellant has not
rebutted the presumption he was adequately represented; that these actions were part
of his trial counsel's sound trial strategy. See Garcia, 57 S.W.3d at 440; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93. 
Only on further inquiry can an adequate determination be made as to whether counsel
provided appellant with effective assistance. Moreover, our review of the record
indicates that this is not one of those "rare cases" in which we can assess counsel's
performance on a silent record. See Robinson, 16 S.W.3d at 813 n.7. Therefore,
following the test for determining ineffective assistance of counsel as set forth in
Strickland, we conclude, from a review of the totality of representation, appellant has
not shown how his attorney’s representation fell below an objective standard of
reasonableness, or that there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687.


 We overrule appellant's points of error nine through fourteen.
         We note that although appellant’s attempt at a direct appeal has been
unsuccessful, he is not without a potential remedy. Challenges requiring development
of a record to substantiate a claim such as ineffective assistance of counsel, may be
raised in an application for writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2004); Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App.
2001); Ex parte Torres, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). An
application for writ of habeas corpus relief would "provide an opportunity to conduct
a dedicated hearing to consider the facts, circumstances, and rationale behind
counsel's actions at . . . trial." Thompson, 9 S.W.3d at 814-15. E. Notice of Charge Against Him
         Appellant complains by his fifteenth point of error that his constitutional rights
were violated when he was denied proper notice of the charge made against him. 
Texas Code of Criminal Procedure 21.04 provides that “[t]he certainty required in an
indictment is such as will enable the accused to plead the judgment that may be given
upon it in bar of any prosecution for the same offense.” Tex. Code Crim. Proc. Ann.
art. 21.04 (Vernon 1989). Generally, an indictment which tracks the statutory
language satisfies constitutional and statutory requirements. State v. Mays, 967
S.W.2d 404, 406 (Tex. Crim. App. 1998); see Moreno v. State, 721 S.W.2d 295,
299-300 (Tex. Crim. App. 1986).
         In this case, appellant was charged with aggravated sexual assault to a child. 
The indictment stated:
CLARENCE ALAN BAR[E]FIELD aka CLARENCE ALAN COATS on or
about the 1st day of November, 2000 . . . did then and there unlawfully,
intentionally and knowing sexually assault [A.H.] by causing his sexual
organ to contact the female sexual organ of [A.H.], and the said [A.H.]
was then and there younger than 14 years of age.

Section 22.021(a)(1)(B)(iii), aggravated sexual assault, states that “[a] person commits
an offense . . . if the person . . . intentionally or knowingly . . . causes the sexual
organ of a child to contact or penetrate the . . . sexual organ of another person,
including the actor.” Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2004). 
The indictment tracked this statutory language; language which we conclude defines
the act constituting the offense in a manner that would inform appellant of the nature
of the charge. See Mays, 967 S.W.2d at 406. Moreover, surplusage on the top of
the indictment showed appellant was charged with aggravated sexual assault to a
child, a first degree felony with a punishment range of five to ninety-nine years and a
$10,000 fine.
         By this point of error, appellant appears to be arguing that there is a fatal
variance between the indictment and the proof. See Gollihar v. State, 46 S.W.3d 243,
246-47 (Tex. Crim. App. 2001). However, in accordance with rule 38.1(h) of the
Texas Rules of Appellate Procedure, we will only consider contentions that are
supported by clear and concise arguments with appropriate citations to authorities and
to the record. Tex. R. App. P. 38.1(h). Because appellant has not provided support for
contentions made regarding a fatal variance, this argument is inadequately briefed.
         Appellant's fifteenth point of error is overruled.
F. Sufficiency of Evidence
         By point of error sixteen, appellant contends that the evidence is legally and
factually insufficient to prove the alleged offense against him at trial. Appellant’s
argument complains of insufficient evidence to establish he threatened the victim. 
This, however, is not an element of the offense charged. See Tex. Pen. Code Ann. §
22.021(a)(1)(B)(iii) (Vernon Supp. 2004).
         Appellant also appears to be arguing that there is insufficient evidence to
establish an element of the offense, namely, that he caused "the sexual organ of a
child to contact or penetrate the . . . sexual organ of another person, including the
actor." Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2004). Appellant
bases this contention on the testimony of the State's expert, Elisa Payne, M.D., who
evaluated the victim because of an allegation of sexual assault. Dr. Payne testified
that the examination occurred "approximately one week and one month after it had
happened, and so, there were no cuts or tears or anything like that. There was
evidence that she had . . . sexual intercourse before, because the pelvic exam, the
physical exam is [sic] was relatively easy." 
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). A jury “as the sole judge of the
weight and credibility of the evidence” is free to accept or reject any evidence “even
if that evidence was uncontradicted.” Wilkerson v. State, 881 S.W.2d 321, 324 (Tex.
Crim. App. 1994) (citing Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App.
1981)). Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing
court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Id.
         On appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v.
State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, pet. denied). This
hypothetically correct jury charge would set out the law, be authorized by the
indictment, not necessarily increase the State's burden of proof or necessarily restrict
the State's theories of liability, and adequately describe the particular offense for
which the defendant was tried. Malik, 953 S.W.2d at 240; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000).
         In reviewing the factual sufficiency of the elements of the offense on which the
State carries the burden of proof, we impartially examine all of the evidence and set
aside the verdict only if “proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by the contrary proof.” Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000)). We are not bound to view the evidence in the light most favorable to
the verdict, and may consider the testimony of all the witnesses. Johnson, 23 S.W.3d
at 10-12. In our factual sufficiency review, we are again required to accord due
deference to the jury's determinations on the weight and credibility of the evidence
and may not merely substitute our own judgment. Swearingen, 101 S.W.3d at 97;
Johnson, 23 S.W.3d at 7; Mosley, 983 S.W.2d at 254. We also measure the factual
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge for the case. See Adi v. State, 94 S.W.3d 124, 131
(Tex. App.–Corpus Christi 2002, pet. ref'd).
         Reviewing the evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that the jury, acting as a rational trier of facts, could
have found beyond a reasonable doubt that the child was sexually assaulted by
appellant. Thus, the evidence is legally sufficient to support appellant’s conviction. 
Moreover, after reviewing all the evidence, we conclude that the proof of guilt is not
so obviously weak as to undermine confidence in the jury’s determination, nor is the
proof of guilt greatly outweighed by contrary evidence. See Swearingen, 101 S.W.3d
at 97. Thus, we conclude the evidence is also factually sufficient to support
appellant’s conviction. Appellant’s sixteenth point is overruled.
III. Independent Review of Record
         The Supreme Court advised appellate courts that upon receiving a “frivolous
appeal” brief, they must conduct “a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous.” Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed jurisdiction, the pretrial proceedings, voir dire,
opening statement, presentation of the case, the charge, sufficiency of the evidence,
jury argument, return of the verdict, the punishment phase, the trial court's judgment,
and the effectiveness of counsel. We have found nothing that would arguably support
an appeal. See Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal
is wholly frivolous.
IV. Conclusion
         We conclude the appeal is without merit. The judgment of the trial court is
affirmed.
         Additionally, in accordance with Anders, appellant's attorney has asked
permission to withdraw as counsel for appellant. See Anders, 386 U.S. at 744. We
grant counsel's motion to withdraw. We order counsel to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).
                                                                                    
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 29th day of July, 2004.