**Ronald GREENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–00–00117–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 19, 2001.

Bruno A. Shimek, Bryan, for appellants.

Douglas Howell, III, Bryan, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

## OPINION

ANDERSON, Justice.

Upon a plea of not guilty, a jury found appellant, Ronald Greeno, guilty of three counts of aggravated sexual assault of two children and assessed punishment at thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 dollar fine. In three points of error, appellant contends (1) the evidence is insufficient to prove that the victims are the same people referenced in the indictment under pseudonyms; (2) the trial court's improper voir dire of the child witnesses before the jury constituted a comment on the weight of the evidence; and (3) he was denied the effective assistance of counsel. We affirm.

## FACTUAL BACKGROUND

Appellant and his common law wife, Lisa Ellison, were married at least ten years and separated in the summer of 1994. As a result of the marriage, appellant and Ellison have three children, a daughter J.G. age ten, a son J.G. age nine, and another son T.G. age seven. After the couple separated, the children made outcry statements to their aunt, Sheree Moore. Specifically, the children claimed that appellant required his two sons to perform oral sex acts on him and that appellant performed oral sex on the victims. Appellant's daughter, J.G., testified that her father would call her brothers into his bedroom and sexually assault them. Appellant's oldest son, J.G. testified that appellant forced him to perform oral sex, that he and his younger brother were required to receive oral sex from appellant, and that he and his brother participated because they feared being beaten. The youngest child, T.G. did not testify at trial. During trial, witnesses testified that appellant severely punished his children; however, no witness observed sexual abuse. Appellant testified in his own defense. He stated that he did not sexually abuse his children. Instead, appellant asserts that the entire case is the result of his separation from the children's mother.

## I.

### Non–Fatal Variance Between the Pleading and the Proof

■ In his first point of error, appellant contends that the evidence at trial is insufficient to prove that the victims are the same people referred to under pseudonyms in the indictment. Appellant was indicted for aggravated sexual assault. The indictment alleged "J.G. and T.G." as pseudonyms for the three victim's legal names. TEX. CODE CRIM. PROC. ANN. Art. 57.02(b) (Vernon Supp. 2000). Appellant claims that the State offered no proof at trial to establish the victims who testified and the persons identified in the indict-

ment with the initials J.G. and T.G. were the same. In the instant case, two children, both with the initial's J.G., testified at trial. T.G. never testified. Appellant contends there is no evidence that the persons identified by pseudonyms in the indictment are the same as the victims who testified.

As a threshold matter, the issue of a fatal variance is not determined by the sufficiency of the evidence. Generally, a variance between the indictment and the evidence at trial is fatal to a conviction. *Corley v. State,* 158 Tex.Crim. 207, 254 S.W.2d 394, 394 (1953). This is because due process guarantees the defendant notice of the charges against him. *Ward v. State,* 829 S.W.2d 787, 794 (Tex.Crim.App. 1992). Due process is violated when an indictment alleges one offense but the State proves another. *Id.* The issue is lack of notice of the offense proved at trial.

However, not every variance between the evidence at trial and the indictment is fatal. In *Plessinger v. State,* the Court of Criminal Appeals explained: "The object of the doctrine of variance between allegations of an indictment is to avoid surprise, and for such variance to be material it must be such as to mislead the party to his prejudice." 536 S.W.2d 380, 381 (Tex.Crim.App.1976). In other words, only a material variance is fatal.

This limitation on the fatal variance doctrine was reaffirmed in *Human v. State,* 749 S.W.2d 832 (Tex.Crim.App.1988). Human's indictment alleged he was previously convicted in cause number "F7808690." The proof at trial, however, established that Human was convicted in cause number "F–78–8690–IQ." The variance, however, was not fatal because the numbers were substantially the same, the jury was not misled, and Human offered no proof that he was surprised or prejudiced by the typographical error. *Id.* at 840. In *Hu-*

*man,* the Court stated the present rule it follows:

> Before a variance between the pleading and the proof might be fatal, and thus cause the conviction or punishment to be reversed, such variance has to be both material and prejudicial to the defendant. *Id.* at 837.

This case is easily resolved under *Plessinger* and *Human.* The victims in this case are appellant's own children. Moreover, appellant, in his pretrial motions, specifically referred to the victims by their legal names. Clearly, any variance between the indictment and the proof offered at trial was not material and did not operate to the appellant's surprise or prejudice his rights. *Plessinger,* 536 S.W.2d at 381.

The remaining question is whether an indictment which alleges an obvious pseudonym is subject to the fatal variance doctrine. Article 57.02(b) of the Code of Criminal Procedure states:

> A victim may choose a pseudonym to be used instead of the victim's name to designate the victim in all public files and records concerning the offense, including police summary reports, press releases, and records of judicial proceedings. A victim who elects to use a pseudonym as provided by this article must complete a pseudonym form developed under this article and return the form to the law enforcement agency investigating the offense.

TEX.CODE CRIM. PROC. ANN. Art. 57.02(b) (Vernon 2000). Article 57.02(f) requires the prosecutor to use the pseudonym "in all legal proceedings concerning the offense." *Id.* However, article 57.02(g) provides for the disclosure of the victim's legal name when identity is an issue or such information is essential to the trial. *Id.*

By enacting article 57.02, the Legislature changed the manner in which the

victim may be alleged in an indictment. In doing so the Legislature sought to address and satisfy two competing interests: the defendant's due process right to notice of the offense for which he was indicted; and, the victim's interest in avoiding the embarrassment associated with a public pronouncement of the details of the alleged offense. The pseudonym is used to protect the victim and not to deprive the defendant of notice. Therefore, the fatal variance doctrine is inapplicable to pseudonym cases so long as the defendant's due process right to notice is satisfied. *Sallings v. State*, 789 S.W.2d 408, 418 (Tex. App.—Dallas 1990, pet. ref'd).

Appellant does not, and indeed could not, contend he was surprised by the victims' testimony because they were his own children. Because appellant's due process right to notice was satisfied, appellant's first ground for review is overruled.

## II.

### Comment on the Weight of the Evidence

■ In appellant's second point of error, he complains that the trial court erred in conducting a competency hearing of daughter J.G. and son J.G. in the presence of the jury. Appellant relies on Article 38.05 of the Code of Criminal Procedure, which states:

In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

TEX.CODE CRIM. PROC. ANN. Art. 38.05 (Vernon 1979)

Appellant claims that when the trial court examined both children and subsequently determined that each child was competent, the trial court essentially implied that the children's testimony should be believed and thereby aided the State in gaining a conviction.

■ A trial court improperly comments on the weight of the evidence if it makes a statement that

(1) implies approval of the State's argument;

(2) indicates any disbelief in the defense's position; or

(3) diminishes the credibility of the defense's approach to the case.

*Clark v. State*, 878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.).

■ Here the trial court's only act was to find the children competent to testify. A statement by a trial court that a witness is competent to testify does not fall within one of the improper categories of comments on the weight of the evidence identified in *Clark*. Moreover, there is no literal requirement in the Rules of Evidence that the competency hearing of a child be conducted outside the presence of the jury. *Reyna v. State*, 797 S.W.2d 189, 192 (Tex.App.—Corpus Christi 1990, no pet.).

■ In addition, appellant never objected to the court's examination of daughter J.G. or son J.G. in front of the jury and never requested that the jury be excused during the questioning. Appellant cannot, therefore, raise this issue for the first time on appeal. *See Woods v. State*, 653 S.W.2d 1, 6 (Tex.Crim.App.1983). The error is waived. Point of error number two is overruled.

## III.

### Ineffective Assistance of Counsel

 In his third point of error, appellant contends he was denied the effective assistance of counsel when: (1) trial counsel allowed witness, Rueben Walton, to testify that appellant physically abused his children, which was not alleged in the indictment; (2) trial counsel did not request a charge limiting the jury's use of extraneous offenses admitted into evidence; (3) during voir dire, trial counsel did not object to certain jurors being seated and did not request more strikes; (4) trial counsel sponsored an expert witness, who was detrimental to appellant's defense; and (5) trial counsel made harmful remarks during closing argument.

 The U.S. Supreme Court has established a two-prong test to determine whether counsel is ineffective. First, appellant must demonstrate counsel's performance was deficient and not reasonably effective. Second, appellant must demonstrate the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Essentially, appellant must show his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.; Valencia v. State,* 946 S.W.2d 81, 83 (Tex.Crim.App. 1997).

 Judicial scrutiny of counsel's performance must be highly deferential and we are to indulge the strong presumption that counsel was effective. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). We assume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy. *Id.* Moreover, it is the appellant's burden to rebut this presumption, by a preponderance of the evidence, via evidence illustrating why trial counsel did what he did. *Id.* Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996), *overruled on other grounds by, Mosley v. State,* 983 S.W.2d 249, 263 (Tex.Crim.App.1998).

 If appellant proves his counsel's representation fell below an objective standard of reasonableness, he must still affirmatively prove prejudice as a result of those acts or omissions. *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052; *McFarland,* 928 S.W.2d at 500. Counsel's errors, even if professionally unreasonable, do not warrant setting the conviction aside if the errors had no effect on the judgment. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052. Appellant must prove that counsel's errors, judged by the totality of the representation, denied him a fair trial. *McFarland,* 928 S.W.2d at 500. If appellant fails to make the required showing of either deficient performance or prejudice, his claim fails. *Id.*

First, appellant contends that trial counsel did not object to the relevance, or extraneous nature, of Walton's testimony. Specifically, Walton described the abusive assaults by appellant on his children. The record, however, demonstrates that appellant's trial counsel objected and argued at the pre-trial motions in limine and during trial regarding the inclusion of Walton's testimony and similar evidence due to its prejudicial effect. The trial court overruled counsel's objections and allowed in the extraneous evidence. Because appellant's counsel did object, this assertion of ineffective assistance is baseless and of no moment.

Second, appellant asserts that his trial counsel failed to request a jury charge to limit the jury's use of the extraneous offenses admitted into evidence.

Third, appellant complains that trial counsel failed to preserve error regarding objectionable jurors when the trial court denied counsel's challenges for cause. In addition, appellant complains that counsel did not request additional strikes or call objectionable jurors for individual voir dire even though the record reflects that counsel requested four additional strikes for cause and that the requests were denied.

Fourth, appellant asserts trial counsel was ineffective by presenting an expert witness, Dr. Taylor, whose testimony was harmful to appellant.

Finally, appellant claims that trial counsel's statements made during her closing argument were detrimental to appellant.

We assume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy. *Jackson,* 877 S.W.2d at 771. Appellant bears the burden to rebut this presumption, by a preponderance of the evidence, and illustrate why counsel did what she did. *Id.* Appellant fails to provide this Court with any evidence to affirmatively demonstrate the ineffectiveness.

■ Since appellant fails to adequately show either deficient performance or prejudice, his second, third, fourth and fifth claims for ineffective assistance of counsel fail. *McFarland,* 928 S.W.2d at 500. Appellant's four assertions of ineffective assistance of counsel all suffer from the same defect: no evidence. Where the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude counsel's performance was deficient. *Jackson v. State,* 877 S.W.2d 768, 771–72 (Tex.Crim.App.1994). Appellant has not satisfied his burden on appeal to rebut the presumption counsel's actions were reasonably professional and were motivated by sound trial strategy.

■ An appellate court is not required to speculate on trial counsel's actions when confronted with a silent record. *Jackson,* 877 S.W.2d at 771. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 814. Where the record is silent as to why appellant's trial counsel did what he did, the presumption that counsel's decisions were reasonable is not rebutted. *Id. Thompson* is not to be read as a declaration that no claim of ineffective assistance of counsel can be brought on direct appeal. *Id* at n. 6. However, in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland. Id.* Because we hold the undeveloped record here is insufficient to satisfy the performance prong of *Strickland,* we overrule appellant's point of error three.

We affirm the judgment of the trial court.