In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00247-CR
______________________________


MARIO CANO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 380th Judicial District Court
Collin County, Texas
Trial Court No. 380-82067-04


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Mario Cano was found guilty in two of three counts of indecency with a child,


 as charged
by the indictment in this case. The jury then assessed Cano's punishment at fifteen years'
imprisonment for each count. Cano now appeals, contending the evidence is legally and factually
insufficient to support his conviction because the complainant failed to identify him as being the
same "Mario" whom the complainant testified as having molested her. Cano further contends a fatal
variance exists between the allegations contained in the indictment and the proof offered by the State
at trial. For the reasons stated below, we overrule each point of error and affirm the trial court's
judgment.



I.         Procedural History
            This case is procedurally more complex than the above synopsis might otherwise suggest. 
The grand jury originally returned six separate indictments against Cano, with each indictment
concerning a different complainant. All but one of those indictments contained multiple counts. 
And, to further complicate matters, the State consolidated all six cases into a single jury trial. After
both sides had presented their cases, but before arguing the case and submitting it to a jury, the trial
court granted Cano's motions for directed verdicts in two of the cases. Then the jury found Cano
guilty in the remaining cases of all counts, with the single exception of the third of three counts in
this case. With this procedural background in mind, we turn to the issues Cano presents in this
appeal. 
II.       Evidentiary Sufficiency
            A.        Standard of Review
            In his first and second points of error, Cano contends the evidence is legally and factually
insufficient to support his conviction because the complainant in this case failed to identify Cano as
the same "Mario" who had molested her. In reviewing the legal sufficiency of the evidence, we view
the relevant evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review of the evidence for factual
sufficiency, we view all the evidence in a neutral light and determine whether the evidence
supporting the verdict is too weak to support the finding of guilt beyond a reasonable doubt or if
evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could
not have been met. Threadgill v. State, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004) (citing Zuniga
v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)). 
            B.        Elements of Indecency and Indictment in This Case (Cause Number 380-82067-04)

            The crime of indecency with a child requires the State to prove, beyond a reasonable doubt,
that the accused engaged in sexual contact with the child or caused the child to engage in sexual
contact; the State must further show the child was younger than seventeen years of age and was not
the accused's spouse. Tex. Pen. Code Ann. § 21.11(a). Our law defines "sexual contact" as "any
touching by a person, including touching through clothing, of the anus, breast, or any part of the
genitals of the child . . . ." Tex. Pen. Code Ann. § 21.11(c). 
            The jury acquitted Cano on the third count charged in this case. The indictment's remaining
counts, of which the jury adjudged Cano to be guilty, alleged Cano intentionally or knowingly, with
intent to arouse and gratify his sexual desire, (1) engaged in sexual contact by touching part of the
genitals of N.M.,


 a child younger than seventeen and not Cano's spouse, by using his hand and (2)
engaged in sexual contact by touching the breast of N.M., a child younger than seventeen and not
Cano's spouse, using Cano's hand. Both counts thus allege Cano committed the crime of indecency
with a child.
            C.        The Evidence Presented at Trial
            N.M., the complainant in this case, testified in this case (as did each of the other
complainants in Cano's companion appeals). N.M., a ten-year-old girl at the time of trial, told the
jury that a man named "Mario" had been living with her and her family during the time period at
issue. She testified that a man named "Mario" assaulted her on several occasions. She said Mario
had once touched her pecho


 while she had her clothes on. On a different occasion, Mario had
touched her where she goes to the bathroom. According to N.M., these incidents occurred in
"Mario's" bedroom. However, on two other occasions, "Mario" touched her inappropriately once
while they were outside in the yard and once when she and "Mario" were in the family's living room.
            Yet, despite being so specific about how and where she had been touched inappropriately,
N.M. never affirmatively identified Cano in open court as being the same "Mario" who had assaulted
her, or even as being the same person who had lived with her and her family during the time of the
assaults. Similarly, the complainants in Cano's other cases provided specific testimony regarding
their victimization, but none were ever asked to identify Cano in open court as being the same
"Mario" about whom they had testified as having perpetrated the crimes. Thus, there would seem
to be an evidentiary disconnect between the evidence of abuse (which was provided through the
complainants' testimony) and the identification of Cano as being the person who engaged in the
abusive conduct. 
            The complainants' testimony did not, however, constitute the entirety of the State's evidence. 
Paulina Dominguez, who was N.M.'s grandmother, also testified. Dominguez identified Cano in
open court as being the same "Mario" who had lived with the family, who had been entrusted while
other adults were working, who had celebrated holidays and other special occasions with N.M. and
her extended family, and who was the same person about whom N.M. and the other complainants
had made outcries of sexual abuse. 
            Identity of the person committing a crime may be proven by circumstantial evidence. Earls
v. State, 702 S.W.2d 82, 85 (Tex. Crim. App. 1986). No formalized procedure is required to prove
the identity of the accused. Proof by circumstantial evidence is not subject to a more rigorous
standard than proof by direct evidence. Roberson v. State, 16 S.W.3d 156, 167 (Tex. App.—Austin
2000, pet. ref'd); see Couchman v. State, 3 S.W.3d 155, 162–63 (Tex. App.—Fort Worth 1999, pet.
ref'd) (proof a person named "Tony" improperly touched complainant found to be sufficient evidence
when combined with testimony of grandmother of complainant who testified defendant was called
"Tony" and identified defendant as the "Tony" she was referring to).
            Given Dominguez' additional testimony, we believe the jury had before it legally sufficient
evidence to link N.M.'s allegations of abuse to Cano. Cano tangentially suggests in his brief on
appeal that someone else who lived in the house might have committed these acts. But there is no
evidence in the record to link anyone other than Cano to N.M.'s outcries of abuse. Cano brought
forth no evidence in the court below that there were others in the house who could be linked to
N.M.'s allegations. Thus, we cannot say that this absence of contrary evidence is sufficient to
outweigh the evidence supporting the jury's verdict. And, after a thorough review of the record, we
also cannot say there is anything about the jury's verdict that "shocks the conscience" or otherwise
appears to be manifestly unjust. Accordingly, we conclude the evidence in this case is factually
sufficient to support the jury's verdict. Cano's first and second points of error are overruled.
III.      Material Variance
            In his final point of error, Cano contends a material variance exists between the allegations
contained in the indictment in this case and the proof offered at trial. The record before us
affirmatively shows the first name of the complainant that is listed in the amended indictment is not
the same first name to which N.M. answered at trial. Nor did any of the State's other witnesses call
N.M. by the same first name given in the State's amended indictment. A variance therefore exists
between the facts listed in the indictment and the proof offered at trial.
            "A variance between the indictment and the evidence may be fatal to a conviction because
due process guarantees that the defendant have notice of the charges against him." Washington v.
State, 59 S.W.3d 260, 262 (Tex. App.—Texarkana 2001, pet. ref'd). 
However, only a material variance is fatal. In determining whether a variance is
material, we determine whether the indictment informed the defendant of the charge
against him sufficiently to allow him to prepare an adequate defense at trial and
whether the prosecution under the indictment as drawn would subject the defendant
to the risk of being prosecuted later for the same crime.
 
Id. (citing Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001)).
            In this case, Cano presents no argument that the variance now at issue is material. Nor has
Cano's appellate brief provided us with the appropriate record references to illustrate where the
different names have been used, so as to enable us to make our own comparison without having to
read through the entirety of the five-volume, 500-plus page record. Thus, this issue is, at best,
inadequately briefed. Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) ("appellant must
. . . provide the Court with the relevant jurisprudential framework for evaluating his claim"); see
Tex. R. App. P. 38.1(h). 
            Nevertheless, we have reviewed the entire record on our own. That entirety affirmatively
demonstrates that the variance now at issue did, in no way, diminish Cano's ability to prepare a
defense in this case. For example, Cano's trial counsel thoroughly cross-examined the complainant
in this case regarding several apparent inconsistencies between her statement to a forensic child
abuse interviewer and her trial testimony. Cano's counsel highlighted the fact that N.M. had
provided details about the alleged assault on one occasion, but had failed to provide those details on
another occasion. Counsel also sought to show the jury through counsel's cross-examination of the
complainant that the complainant's trial testimony was inconsistent with the factual accounts
provided by the other complainants. We also note that the spelling of the name used in the
indictment is very similar, although not exactly the same, as the spelling of N.M.'s actual first name. 
Nor does the record show that Cano was at all surprised by the appearance of a ten-year-old, female
girl with whom he had previously lived, yet was called by a name other than that listed in the
indictment. Cf. Greeno v. State, 46 S.W.3d 409, 412 (Tex. App.—Houston [14th Dist.] 2001, no
pet.) (defendant failed to show surprise because victims were defendant's own children and defendant
had used their legal names in pretrial motions). 
            Despite Cano's bald assertion of a variance, this is not a case where the alleged variance is
material. Cano was clearly able to prepare and mount a defense at trial. And because the State has
apparently brought forth every conceivable charge, with every conceivable complainant, which was
consolidated into a single jury trial, we are confident Cano will not be subject to prosecution again
for the same crime. Accordingly, we conclude the variance at issue here is immaterial, and we
overrule Cano's final point of error.
IV.      Conclusion
            For the reasons stated, we affirm the trial court's judgment.

 


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          July 28, 2006
Date Decided:             August 22, 2006

Do Not Publish